METROPOLITAN SAV. BANK v. NEW YORK EL. RY. CO. et al.

(Supreme Court, General Term. First Department. December 16, 1892.)

ELEVATED RAILROADS—DAMAGES TO ABUTTERS—EVIDENCE.

In an action by a banking corporation against an elevated railroad company, plaintiff introduced evidence of loss of rents from another corporation, its tenant, arising from the erection and maintenance of the defendants' road. *Held*, that defendants had no right to show who owned the stock of the tenant corporation, since the mere fact that such stock was held by the officers of the bank would not of itself tend to show that the bank did not exact all the rent it could get.

Appeal from special term, New York county.

Action by the Metropolitan Savings Bank against the New York Elevated Railway Company and the Manhattan Railway Company. Plaintiff obtained judgment. Defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Davies & Rapallo, (Julien T. Davies and B. Tolles, of counsel,) for appellants.

Hutchins & Platt, (A. S. Hutchins, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to procure an injunction against the violation by the defendants of the property rights of the plaintiff in certain premises owned by it at the corner of Seventh street and Third avenue, in the city of New York. The court, upon the trial, awarded a certain sum as past damages to the rental value of the property, and also fixed another sum to be paid by the defendants in lieu of the issuing of an injunction against them. It is claimed upon the part of the defendants that the past damages were excessive, unwarranted by the evidence, and in conflict with the other findings of the court. An examination of the testimony in this case shows that the conclusion of the court seems to have been entirely justified by the evidence introduced in respect to the loss of rents which had accrued

subsequently to the erection of the defendants' structures and the operation of its road.   The claim of the defendants that it was error to exclude the testimony as to whom the stock of the Stuyvesant Safe-Deposit Company, the occupant of the basement of the building, belonged, does not seem to be well founded.   It would appear that it was claimed that such stock was held by the officers of the Metropolitan Savings Bank, the plaintiff, the owner of the building in question; and it seems to be urged that that fact necessarily weakened the evidence as to the amount of rent paid by the safe-deposit company.   We cannot see the force of this position.   If it was claimed that there were any circumstances connected with the making of the lease which affected its integrity, undoubtedly the defendants would be entitled to prove the same; but the evidence offered did not tend in that direction, as the mere fact of the identity of the stockholders of the Stuyvesant Safe-Deposit Company and the officers of the plaintiff did not necessarily tend to show that the safe-deposit company had obtained any undue or improper advantage in respect to the renting of the premises occupied by it.   The defendants should have gone further, so as to have shown some connection between the question asked and the object of the testimony which is now first disclosed.

The judgment should be affirmed, with costs.   All concur.